IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARTA CUELLAR | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| SAM'S WEST, INC. DBA SAM'S CLUB #4843; SAM'S EAST, INC. DBA SAM'S CLUB #4843; WALMART INC.; SAM'S REAL ESTATE BUSINESS TRUST DBA DELAWARE SAM'S REAL ESTATE BUSINESS TRUST; XAVIER YULEE; AND JANE DOE AND JOHN DOE, UNKNOWN EMPLOYEES OF SAM'S WEST, INC. DBA SAM'S CLUB #4843; SAM'S EAST, INC. DBA SAM'S CLUB #4843; WALMART INC.; SAM'S REAL ESTATE BUSINESS TRUST DBA DELAWARE SAM'S REAL ESTATE BUSINESS TRUST | § § § § § § § § § § § § § § § | DEFENDANTS DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, SAM'S EAST, INC, SAM'S WEST, INC., WALMART, INC, SAM'S REAL ESTATE BUSINESS TRUST, and XAVIER YULEE ("Yulee"), and file this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Galveston Division. The grounds for removal are as follows:

**I.**
**INCIDENT BACKGROUND AND LAWSUIT**

1. Plaintiff, Marta Cuellar, claims she tripped and fell over two bags of soil that were located on the ground on a Sam's Club store in Pearland, Texas on February 4, 2020.

*See* Pl.'s Orig. Pet. (Ex. A) at ¶¶ 14–15. Plaintiff asserts claims of negligence against all the defendants. *See id.* at ¶¶ 18–26. Plaintiff's lawsuit expressly alleges that she is seeking monetary damages over $250,000.00, but not more than $1,000,000.00. *See id.* at ¶ 11(a).

2. As part of her lawsuit, Plaintiff also named Xavier Yulee as a defendant. *See id.* Yulee is alleged to have been a Sam's Club employee and, specifically, the store's manager on the date of the incident. *See id.* at ¶ 8. Plaintiff also claims she wishes to sue unknown John or Jane Does, *see id.* at 1, who participated in the upkeep or inspection of the premises. *See id.* ¶ 9.

## II.
## TIMELINESS OF REMOVAL

3. Plaintiff commenced this lawsuit by filing her Original Petition on February 2, 2022. Plaintiff served Sam's Club with her Original Petition on February 7, 2022.

4. Defendants' Notice of Removal is timely filed, as it is being filed within 30 days after the date it was served. *See* 28 U.S.C. § 1446.

## III.
## BASIS FOR REMOVAL JURISDICTION

5. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between the properly joined parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs. Yulee's citizenship should be disregarded because he was improperly joined to this lawsuit. The potential citizenships of John or Jane Does should be disregarded because they are fictitious defendants who do not count for citizenship purposes; even if they were not fictitious, they would also be improperly joined such that their citizenship should be disregarded.

**A. Diversity of citizenship exists between Plaintiff, Walmart, and Sam's Club.**

6.  According to her lawsuit, Plaintiff resides in Harris County, Texas, and resided there at the time she filed suit. *See* Ex. A at ¶ 2. Thus, at the time Plaintiff filed her lawsuit and at the time Defendants filed this Notice of Removal, Plaintiff was a citizen of the State of Texas.

7.  Plaintiff named Sam's West, Inc. as a defendant. *See id.* at 1. Plaintiff pleaded that Sam's West, Inc. was a foreign corporation. *See id.* at ¶ 4. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). At the time Plaintiff filed her lawsuit and at the time Defendants filed this Notice of Removal, Sam's West, Inc. was a corporation and was incorporated in the State of Delaware under the laws of the State of Delaware. At the time Plaintiff filed her lawsuit and at the time Defendants filed this Notice of Removal, Sam's West, Inc.'s principal place of business was located in the State of Arkansas. Therefore, at all times relevant to this matter, Sam's West, Inc. was a citizen of the States of Arkansas and Delaware.

8.  Plaintiff named Sam's East, Inc. as a defendant. *See id.* at 1. Plaintiff pleaded that Sam's East, Inc. was a foreign corporation. *See id.* at ¶ 5. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C.*, 929 F.3d at 314 (quoting 28 U.S.C. § 1332(c)(1)). At the time Plaintiff filed her lawsuit and at the time Defendants filed this Notice of Removal, Sam's East, Inc. was a corporation and was

incorporated in the State of Delaware under the laws of the State of Delaware. At the time Plaintiff filed her lawsuit and at the time Defendants filed this Notice of Removal, Sam's East, Inc.'s principal place of business was located in the State of Arkansas. Therefore, at all times relevant to this matter, Sam's East, Inc. was a citizen of the States of Arkansas and Delaware.

9. Plaintiff named Walmart Inc. as a defendant. *See id.* at 1. Plaintiff pleaded that Walmart Inc. was a foreign corporation. *See id.* at ¶ 6. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C.*, 929 F.3d at 314 (quoting 28 U.S.C. § 1332(c)(1)). At the time Plaintiff filed her lawsuit and at the time Defendants filed this Notice of Removal, Walmart Inc. was a corporation and was incorporated in the State of Delaware under the laws of the State of Delaware. At the time Plaintiff filed her lawsuit and at the time Defendants filed this Notice of Removal, Walmart Inc.'s principal place of business was located in the State of Arkansas. Therefore, at all times relevant to this matter, Walmart Inc. was a citizen of the States of Arkansas and Delaware.

10. Finally, Plaintiff named Sam's Real Estate Business Trust as a defendant. *See id.* at 1. Plaintiff pleaded that Sam's Real Estate Business Trust was a foreign corporation. *See id.* at ¶ 7. However, Plaintiff's allegation is incorrect. At the time Plaintiff filed her lawsuit and at the time Defendants filed this Notice of Removal, Sam's Real Estate Business Trust was a statutory business trust organized and formed in Delaware under the laws of the State of Delaware and with its principal place of business in the State of

Arkansas. The citizenship of a statutory trust, including a statutory business trust, is determined by the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017). At the time Plaintiff filed her lawsuit and at the time Defendants filed this Notice of Removal, the sole member or shareholder of Sam's Real Estate Business Trust was Sam's Property Co.

11.     At the time Plaintiff filed her lawsuit and at the time Defendants filed this Notice of Removal, Sam's Property Co. was a corporation. As a corporation, Sam's Property Co. is considered a citizen of every state where it is incorporated and every state where its principal place of business is located. *See MidCap Media Fin., L.L.C.*, 929 F.3d at 314; 28 U.S.C. § 1332(c)(1). At the time Plaintiff filed her lawsuit and at the time Defendants filed this Notice of Removal, Sam's Property Co. was incorporated in the State of Delaware, under the laws of the State of Delaware. At the time Plaintiff filed her lawsuit and at the time Defendants filed this Notice of Removal, Sam's Property Co.'s principal place of business was located in the State of Arkansas. Therefore, at all times relevant to this matter, Sam's Property Co. was a citizen of the States of Arkansas and Delaware.

12.     Because, at the time Plaintiff filed her lawsuit and at the time Defendants filed this Notice of Removal, Sam's Property Co. was a citizen of the States of Arkansas and Delaware, Sam's Real Estate Business Trust shared that same citizenship during those times. Thus, at the time Plaintiff filed her lawsuit and at the time Defendants filed this

Notice of Removal, Sam's Real Estate Business Trust was a citizen of the States of Arkansas and Delaware.

**B.     Xavier Yulee was improperly joined to this case and, consequently, his citizenship should be disregarded for purposes of evaluating diversity jurisdiction.**

13.     Plaintiff named Xavier Yulee – a Texas citizen – as a defendant in this case in an improper attempt to escape having this case removed on the basis of diversity jurisdiction. Plaintiff alleges that Yulee was an employee of Sam's Club and was the store manager at the time of the incident. *See* Ex. A at ¶ 8, at ¶ 21. However, Plaintiff improperly joined Yulee into this case, his citizenship should be disregarded for purposes of evaluating diversity jurisdiction, and he should be dismissed from this lawsuit as a named defendant.

14.     The improper joinder doctrine provides a narrow exception to the rule that parties must be completely diverse for federal courts to exercise subject matter jurisdiction. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). "If a party has been improperly joined, ... the lack of complete diversity will not prevent a defendant from removing a case to federal court." *Wolf v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2007-1,* 745 F. App'x 205, 207 (5th Cir. 2018). When a "plaintiff improperly joins a non-diverse defendant, ... the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg,* 819 F.3d at 136 (collecting cases). *See also Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018) ("If a party is improperly joined, a court may disregard the party's citizenship for purposes of determining subject matter jurisdiction.") (citation omitted).

15. To demonstrate improper joinder, the removing defendant must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (internal quotation marks and citation omitted). Actual fraud is not being asserted here.

16. "To establish improper joinder under the second prong, the defendant must demonstrate that there is no possibility of recovery against the in-state or non-diverse defendant." *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) (internal quotation marks and citation omitted). The district court should "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573 (citation omitted). *See also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016) ("Our precedent is clear: A federal court must apply the federal pleading standard" in deciding the improper joinder issue). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood,* 385 F.3d at 573. However, the Fifth Circuit emphasized that such possibility of recovery must be reasonable, not merely theoretical. *Id.* at 573 n. 9.

17. To pass muster under Rule 12(b)(6), "a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Thompson v. City of Waco,* 764 F.3d 500, 503 (5th Cir. 2014) (internal quotation marks and citations omitted). "Threadbare

7

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

18. The Texas Supreme Court has explored those circumstances in which individual liability may be imposed on a corporation's employee for committing negligent acts in the course and scope of his employment. *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). Although "a corporate officer or agent can be liable to others ... for his or her own negligence[,] ... individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Id.* (citations omitted). By way of example, the *Leitch* court observed that an employee "whose negligence causes an auto accident may be held individually liable along with his or her employer when driving in the course and scope of employment." *Id.* at 117 (citations omitted). This is because an employee "owes a duty of reasonable care to the general public." *Id.* (citation omitted). Although a corporation has a duty to provide a safe workplace, an employee has no independent duty to furnish a safe workplace and cannot be held liable for a corporation's failure to do so. *See id.*

19. In 2005, the Texas Supreme Court in *Tri v. J. T. T.*, 162 S.W.3d 552 (Tex. 2005) expressly extended to premises liability cases the general principle that an employee is not personally liable for his negligent acts committed within the scope of his employment unless he owed an independent duty of care. As the Texas Supreme Court explained, an officer or agent of a company must owe an individual duty – outside the context of his or her employment and outside any duties owed to the invitee by the business – for individual liability to exist. *See id.*

20. Thus, to resolve the improper joinder issue here, the Court must answer one concise question: Does Yulee, as a Sam's Club store manager, owe an independent duty apart from Sam's Club's duty? In other words, would Yulee have had any obligation to take an action or refrain from taking an action if he were not a Sam's Club employee? If the answer is no, Yulee is an improperly joined defendant because Texas law could not impose liability against him, this case has been properly removed, and it should remain in federal court.

21. Since *Tri*, Texas courts have repeatedly and consistently rejected claims brought individually against business employees or managers who are faulted for not performing duties owed by the business, who are sued solely because they were a manager or employee of the store, or whom are alleged to be individually vicariously liable under employer-specific theories. *See, e.g., Padilla v. Wal-Mart Stores Tex., LLC,* EP-19-CV-004-KC, 2019 WL 2565260, at *3 (W.D. Tex. Apr. 9, 2019) (holding that the store manager, who had no personal involvement in creating the dangerous condition, owed no independent legal duty and was, therefore, improperly joined); *Molina v. Wal-Mart Stores, Tex., LLC,* No. SA-18-CA-1273-XR, 2019 WL 410392, at *4 (W.D. Tex. Feb. 1, 2019) (same); *Dargan v. Bridgestone Retail Operations, LLC,* No. 5:17-CV-470-DAE, 2018 WL 8546112, *3 (W.D. Tex. Mar. 13, 2018) (same); *Lowery v. Wal-Mart Stores Tex., LLC,* No. 4:17-CV-0166, 2017 WL 999259, at *4–5 (S.D. Tex. Mar. 15, 2017) (same); *Stallings v. Wal-Mart Stores, Inc.*, No. 4:16-CV-595, 2016 WL 4398681, at *2 (S.D. Tex. Aug. 18, 2016) (same); *Champion v. Wal-Mart Stores of Tex., LLC,* No. 5:16-CV-112-DAE, 2016 WL 1226942, at *4 (W.D. Tex. Mar. 24, 2016) (same); *Kopczynski*

9

*v. Wal-Mart Stores Tex., LP,* No. H-10-4507, 2011 WL 902237 (S.D. Tex. Mar. 14, 2011) (store greeter did not owe an independent duty to a slip-and-fall plaintiff when the employee did not create the dangerous condition that caused the injury); *Solis v. Wal-Mart Stores East, L.P.*, 617 F. Supp. 2d 476, 480 (S.D. Tex. 2008) (store manager with no personal involvement in creating dangerous condition owed no separate legal duty); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp.2d 828 (E.D. Tex. 2008) (same); *McKinney v. Home Depot, USA, Inc.*, No. 4:06-CV-0327-A, 2006 WL 2947324 (N.D. Tex. Oct. 13, 2006) (same); *Allen v. Home Depot U.S.A., Inc.*, No-SA-04-oCA703XR, 2004 WL 2270001 (W.D. Tex. Oct. 6, 2004) (same). Plaintiff is making the same improper contentions against Yulee here in this case.

22. Plaintiff sued Yulee solely because he was the store manager. *See* Ex. A at ¶ 8, ¶ 21. Specifically, she contends that, as the store manager, Yulee was responsible for ensuring that the store was not unreasonably dangerous and for the management of Sam's Club's employees. *See id.* at ¶ 21. There is no factual contention whatsoever that Yulee played any active role or directly participated in any way in the conduct giving rise to the alleged negligence or premises liability. *See* Ex. A. All of Plaintiff's allegations are straightforward premises liability contentions, that the defendants simply failed to inspect and maintain the floors, failed to give adequate warnings, and failed to discover and remove the bags of soil. *See* Ex. A at ¶ 24. There is not a single claim that Yulee personally created any danger toward Plaintiff or was responsible for the bags of soil being on the ground. *See* Ex. A. He's simply being subjected to a lawsuit for the singular reason that he was the store manager. There is simply no reasonable basis for Plaintiff to recover against Yulee in

this case, and the Court should find that Yulee was improperly joined, should disregard Yulee's Texas citizenship, and should dismiss Yulee from the case.

**C.  The alleged citizenship of John Does 1–3 does not defeat diversity, because they have not been named or served; limitations has expired as to those unnamed individuals.**

23.   Plaintiff's lawsuit also alleges that some unspecified number of John or Jane Does are potential defendants. *See* Ex. A at ¶ 9. Plaintiff has not named or served any of these individuals and does not make any allegations of citizenship regarding those individuals. *See id.* However, to the extent that they were Sam's Club employees, they likely would be citizens of the State of Texas. However, the naming of John or Jane Does does not defeat diversity in this case. First, a John or Jane Doe is simply a fictitious defendant, and they are not considered by the Court as part of the removal analysis. *See* 28 U.S.C. § 1441(b)(1).[1]

24.   Additionally, the John or Jane Does cannot be individually sued at this juncture because the two-year Texas statute of limitations – applicable to this case and Plaintiff's claims – has expired. *See* Ex. A at ¶ 15 (incident occurred on February 4, 2020), *and* Tex. Civ. Prac. & Rem. Code § 16.003(a). Plaintiff's cause of action accrued on the date the defendant's wrongful act causes some legal injury. *See Lubbock Cty. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002); *see also Houston Waterworks Co.*

---

[1] This is also entirely consistent with Texas law on naming a "John Doe." *See, e.g., Riston v. Doe*, 161 S.W.3d 525, 526–30 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (holding that John Doe is a fictitious name and not a misnomer for anyone or anything, and rejecting various other grounds asserted for why including "John Doe" in a petition should toll limitations).

*v. Kennedy*, 8 S.W. 36, 37 (1888). A "legal injury" is any invasion, however slight, of the plaintiff's legally protected interests. *See Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 226 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

25. Once the plaintiff learns of the injury the claim accrues and limitations begin to run, even if the plaintiff is unsure of the specific individuals that might be responsible for causing it. The Texas Supreme Court has reiterated this point time and time again. *See, e.g., Exxon Corp. v. Emerald Oil & Gas Co.,* 348 S.W.3d 194, 207 (Tex. 2011) (Once the plaintiff learns of the legal injury (however slight), the claim accrues and limitations begins to run "**even if the claimant does not yet know 'the specific cause of the injury; the party responsible for it; the full extent of it; or the chances of avoiding it.**'") (emphasis added) (quoting *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd.,* 146 S.W.3d 79, 93 (Tex. 2004)).

26. Here, Plaintiff's lawsuit expressly pleaded that she was injured on February 4, 2020, after she tripped over a bag of soil at Sam's Club. *See* Ex. A at ¶ 15. Plaintiff was absolutely aware of her legal injury on February 4, 2020. That she may not know the names of all the Sam's Club employees present at the store that day is entirely irrelevant to the running of the statute of limitations. If Plaintiff wished to name other store employees as defendants in this case, her deadline to do so was February 4, 2022. She cannot extend that limitations period into perpetuity simply by naming John or Jane Does as defendants.

27. The two-year Texas statute of limitations – applicable to this case and Plaintiff's claims – contains only three express carve-outs to the two-year limitation period. *See* Tex. Civ. Prac. & Rem. Code § 16.003 (identifying Sections 16.0031, 16.0045, and

12

Section 16.010 of that Code as the only defined limitations). And the only section even discussing the naming of a "John Doe" is Section 16.0045, which clearly does not apply to this case. *See* Tex. Civ. Prac. & Rem. Code § 16.0045(d) (only permitting John Doe naming in the context of the claims listed under Section 16.0045). Neither the limitations statute nor Texas law permit Plaintiff to name a John Doe in a standard personal injury case in order to avoid the tolling of limitations, which have now run. Thus, the Court can disregard Plaintiff's fictitious John or Jane Does for purposes of assessing diversity jurisdiction due to the running of limitations.

28. And even if the Court ignored the issue of limitations and the fictitious nature of the John and Jane Doe naming, Plaintiff's sole implication against the John or Jane Does is that they participated in the upkeep of the store and the inspection of the premises. *See* Ex. A at ¶ 9. These allegations do not plausibly state a claim for independent liability against a John or Jane Doe employee, for the same reasons that those types of allegations do not state a plausible claim for relief against Yulee. *See, supra*, at ¶¶ 15–23 (incorporated fully herein by reference).

29. As with Yulee, there is no contention that the John or Jane Doe employees played any active role or directly participated in any way in the conduct giving rise to the alleged negligence or premises liability. *See* Ex. A. All of Plaintiff's allegations are straightforward premises liability contentions, that the defendants simply failed to inspect and maintain the floors, failed to give adequate warnings, and failed to discover and remove the bags of soil. *See* Ex. A at ¶ 24. There is not a single claim that the John or Jane Does personally created any danger toward Plaintiff or were responsible for the bags of soil being

on the ground. *See* Ex. A. They're simply being referenced as potential defendants for the mere fact that they worked at Sam's Club. Under these allegations, there is no reasonable basis for Plaintiff to recover against any John or Jane Doe in this case, even ignoring Plaintiff's other deficiencies in those claims. The Court should also find that the John and Jane Does were improperly named as potential defendants in this case, should dismiss them from this case, and should not consider any potential citizenship of those unnamed persons.

**D.    Excluding Yulee and the John/Jane Does, complete diversity of citizenship exists between Plaintiff and the Sam's Club and Walmart entities.**

30.    Because Plaintiff was a citizen of the State of Texas at the time she filed her lawsuit and at the time Defendants filed this Notice of Removal, because Yulee was improperly joined (requiring the Court to disregard his citizenship), because the John/Jane Does are not actual parties, have not been served, and would be improperly joined (precluding their unspecified citizenship from being properly before the Court or subject to consideration), and because Sam's West, Inc., Sam's East, Inc., Walmart Inc., and Sam's Real Estate Business Trust were citizens of the States of Delaware and Arkansas during those same times, complete diversity of citizenship exists between Plaintiff and the Sam's Club and Walmart entities pursuant to 28 U.S.C. § 1332.

**E.   The amount in controversy requirement is met.**

31.    For purposes of a removal, a defendant's notice of removal only needs to include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014). A removing party may establish that the amount

14

in controversy exceeds $75,000 by showing the non-removing party explicitly sought damages over $75,000. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000). Here, Plaintiff's lawsuit expressly pleaded that she seeks monetary relief from her lawsuit of over $250,000.00, but not to exceed $1,000,000.00. *See* Ex. A at ¶ 11. For this reason, the amount-in-controversy requirement has been satisfied.

## IV.
## THIS NOTICE IS PROCEDURALLY CORRECT

32.    Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendants in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas, Galveston Division; (ii) venue is proper in this District because the state court where the action is pending is in this District; (iii) this action is between citizens of different states; and (iv) the amount in controversy exceeds $75,000, exclusive of interest and costs as specifically plead in the Petition. All the Defendants have joined in and consented to the removal of this action.

33.    Upon filing of this Notice of Removal of the cause, Defendants gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court of the 239th Judicial District Court, Brazoria County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

34. Defendants retain the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion or other filing.

## IV.
## CONCLUSION AND PRAYER

19. Defendants have established that the amount in controversy exceeds $75,000.00 and that diversity of citizenship exists between the properly joined parties. Therefore, removal is proper in this case.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

*/s/ John A. Ramirez*
John A. Ramirez
State Bar No. 00798450
Federal ID No. 21280
Neal A. Hoffman
State Bar No. 24069936
Federal ID No. 1048603
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077
jramirez.atty@bushramirez.com
nhoffman.atty@bushramirez.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 7th day of March 2022.

Laura S. Martinez
Martinez & Martinez
2900 Woodridge Dr., Suite 202
Houston, Texas 77087

                                           */s/ John A. Ramirez*
                                           John A. Ramirez